UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:06-CR-00049-LRH-RAM |
| v. | ) | |
| PAUL S. JENSEN, | ) | ORDER |
| Defendant. | ) | |

Before the court is Defendant Paul Jensen's Petition for Writ of Audita Querela (#83[1]). In his petition, Jensen asks this court to resentence him in light of events occurring after this court imposed a split sentence of four months incarceration and four months home confinement. Because the writ of *audita querela* cannot provide the relief Jensen requests, the court denies his petition.

"Audita querela was a common law writ issued to afford relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution." *United States v. Hovsepian*, 359 F.3d 1144, 1154 (9th Cir. 2004) (en banc) (internal quotation marks omitted). In current criminal practice, *audita querela* is available in cases where "a defendant has a legal defense or discharge to the underlying

---

[1] Refers to the court's docket entry number.

judgment." *Doe v. INS*, 120 F.3d 200, 204 (9th Cir. 1997).  Nevertheless, *audita querela* is significantly limited by its role as gap filler in the current system of postconviction relief.  *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007).  Specifically, *audita querela* does not provide relief available under 28 U.S.C. § 2255 or the writ of *coram nobis*.  *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001); *Doe*, 120 F.3d at 204 & n.5.  *Audita querela* is also unavailable on purely equitable grounds.[2]  *Doe*, 120 F.3d at 204.

Turning now to the grounds for relief asserted in Jensen's petition, Jensen argues that this court would have sentenced him more favorably had it known of two factual developments that occurred after his sentencing.  The first of these developments is the government's use of his testimony in a prosecution in the Western District of Washington, which resulted in a guilty plea, a prison sentence of 54 months, and a court order to pay more than $11 million in restitution.  The second development is the scheduling of formal arbitration between Jensen and his former employer, which Jensen hopes will lead to his reinstatement as a commercial pilot.

Neither of these developments warrant issuance of the *audita querela* writ.  As a initial matter, Jensen makes no showing that either of these factual developments is a "a legal defense or discharge to the underlying judgment."  Rather, it appears that Jensen is arguing that his felony conviction is inequitable given its consequences on his former profession.  As mentioned previously, however, *audita querela* may not issue on purely equitable grounds.

Moreover, even if the grounds asserted in Jensen's petition could somehow be couched in terms of a legal defense or discharge to the underlying judgment, the court would nevertheless impose the same sentence ordered at Jensen's October 15, 2007, sentencing hearing.  The court was aware at sentencing that Jensen had provided assistance to the government.  In fact, Jensen received

---

[2]In light of writ's narrow applicability and the relief available through other postconviction remedies, the Ninth Circuit has questioned whether the writ has continued viability as a basis for postconviction relief.  *Doe*, 120 F.3d at 204 & n.5.

a two-level downward departure under U.S. Sentencing Guidelines Manual § 5.K.1 (2000) because of that assistance.  The scheduling of a formal arbitration hearing also has no effect on the legality of Jensen's sentence.

IT IS THEREFORE ORDERED that Defendant Jensen's Petition for Writ of Audita Querela (#83) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3